**IT IS ORDERED as set forth below:**



**Date: November 7, 2022**

_Susan D. Barrett_
United States Bankruptcy Judge
Southern District of Georgia

---

```
              IN THE UNITED STATES BANKRUPTCY COURT

                            FOR THE

                  SOUTHERN DISTRICT OF GEORGIA
                        Augusta Division

IN RE:                          )        Chapter 13 Case
                                )        Number 22-10340
                                )
TAMMY BONAM,                    )
                                )
         Debtor.                )
_____)
```

**OPINION AND ORDER**[1]

This matter is before the Court on objection by the Chapter 13 Trustee ("Trustee") to Tammy Bonam's ("Debtor") claim of exemption of a 2022 Mitsubishi Outlander ("Vehicle"). Dckt. No. 17. The parties do not dispute Debtor used her social security benefits to purchase the Vehicle prepetition. The issue is whether Debtor may now claim the Vehicle as fully

---

[1] The Court reserves the right to enter supplemental findings regarding this matter. See Educ. Credit Mgmt. Corp. v. Mosley (In re Mosley), 494 F.3d 1320, 1328 (11th Cir. 2007).

AO 72A
(Rev. 8/82)

exempt since the funds used to purchase the Vehicle are traceable to Debtor's social security benefits.

Generally, a debtor has authority to claim certain property as exempt from the bankruptcy estate, such as Social Security benefits, in their pursuit of a fresh start afforded by the bankruptcy process. In re McFarland, 481 B.R. 242, 247 (Bankr. S.D. Ga. 2012). Pursuant to 11 U.S.C. §522(b)(2), Georgia has "opted out" of the Federal Bankruptcy Code exemptions and instead offers its own state exemptions under O.C.G.A. §44-13-100 et seq. Id. at 248. Further, a debtor may use federal nonbankruptcy law to claim additional exemptions, such as 42 U.S.C. §407(a), which protects social security awards from the bankruptcy process. Id.; see 42 U.S.C. §407. In objecting to a debtor's claim of exemptions, the initial burden is upon the objecting party, here the Trustee, to establish that the exemptions are not properly claimed. See Fed. R. Bankr. P. 4003(c).

The Trustee's position is neither 42 U.S.C. §407(a) nor O.C.G.A. §44-13-100(a)(2)(A) allow Debtor to exempt the Vehicle purchased with social security funds because the funds lost their exempt status once used to purchase the Vehicle. Trustee further states there is no traceability provision in these statutes to allow Debtor to use the social security exemption to fully exempt the Vehicle.

For the reasons set forth in this Order and on the record at the October 31, 2022 hearing, the Trustee's objection to

2

Debtor's claim of exemptions on the Vehicle is ORDERED SUSTAINED. See In re McFarland, 481 B.R. 242, 254 (Bankr. S.D. Ga. 2012) ("allowing debtors to use O.C.G.A. §44-13-100(a)(2) to exempt sums 'traceable' to an exempt source would subsume other exemptions allowed in O.C.G.A. §44-13-100," such as the $3,5000 vehicle exemption applicable to Debtor); In re Carelock, 2006 WL 3708688, *2 (Bankr. S.D. Ga. Jan. 13, 2006) (Debtor cannot use Georgia motor vehicle exemption statute (O.C.G.A. §44-13-100(a)(3)) to exempt cash proceeds received prepetition for the prepetition loss of a vehicle); In re Franklin, 506 B.R. 765, 776 n.8 (Bankr. C.D. Ill. 2014) ("the protection of §407 does not extend to tangible property purchased with social security proceeds, even if the property is traceable to the proceeds"); In re Karn, 2014 WL 3844829, *7 (Bankr. N.D. Ohio Aug. 4, 2014) (if otherwise exempt assets are placed in an illiquid form, such as an investment in real property, the exemption is lost); In re Panza, 219 B.R. 95, 99 (Bankr. W.D. Pa. 1998) (the federal bankruptcy exemptions do not extend to funds traceable to Debtor's right to receive disability).

**[END OF DOCUMENT]**

AO 72A
(Rev. 8/82)